SARAH BROCKWAY SMITH

*v.*

STATE OF ILLINOIS.

*Opinion filed November 23, 1912.*

1. TRESPASS—*damage by National Guard.* Claimant's property, consisting of plants, shrubs, flowers, trees, pipes and plumbing, was damaged by the Illinois National Guard while conducting a sham battle. *Held,* that claimant is entitled to an award covering the amount of her damages.

- 2. JURISDICTION—*to hear military claims.* Section 3 of the Act creating the Court of Claims provides, that it shall hear and determine all unadjusted and controverted claims against the State arising out of the military power of the State when called into action for the preservation of the public peace or order, or for instruction in camp, etc.

Joseph V. Graff, for Claimant.
W. H. Stead, Attorney General, for State.

The declaration and evidence in this case show that on the 26th day of August, A. D. 1910, the Illinois National Guard was in encampment for instruction pursuant to the laws of the State of Illinois, in the county of Peoria and State of Illinois, and that they did then and there trespass on the premises of the claimant and damage and destroy certain plants, shrubs, flowers and trees thereon in the sum of two hundred fifteen and 50-100 ($215.50) dollars, and likewise damaged and destroyed certain pipes, plumbing and fittings in the sum of twelve and fifty-two one hundredths ($12.52) dollars, making a total damage of two hundred twenty-eight and 2-100 ($228.02) dollars.

The trespass in question was committed without any authority from the claimant while the National Guard was engaged in a sham battle; they moved in a body over the premises of the claimant and destroyed property as charged in the declaration. The amount of the damage is shown by competent proof to be two hundred twenty-eight and 2-100 ($228.02) dollars. The

Act creating the Court of Claims, approved May 16, 1903, in force July 1, 1903, provides, among other things, as follows: Section 3 * * * "and it shall be the duty of said Court to hear and determine the following matters * * * 3d, all unadjusted and controverted claims against * * * the military power of the State when called into action for the preservation of the public peace or order, or for instruction in camp arising out of any contract, expressed or implied, or in tort or for any damages, whether liquidated or unliquidated, or any other claim or demand whatsoever."

The facts as above set forth are uncontroverted and in the opinion of the Court bring this case clearly within the provisions of section three above quoted, and claimant is therefore entitled to an award. Her claim for two hundred twenty-eight and 2-100 ($228.02) dollars is therefore hereby allowed.